IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-01771 |
| v. | ) | |
| | ) | |
| SLOAN CONSTRUCTION COMPANY, *et al.*, | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER**

On December 5, 2024, the Court of Appeals for the Third Circuit vacated and remanded this Court's April 10, 2024 Order (Doc. 11) dismissing Plaintiff's case, directing this Court to consider the factors for dismissal set forth in Poulis v. State Farm & Fire Cas. Co., 747 F.2d 863 (3d Cir. 1984).  *See* U.S.C.A. J. Order (Doc. 17); Janet Sloan v. Sloan Construction Co., *et al.*, No. 24-1901, slip op. at 4–5 (3d Cir. Dec. 5, 2024).

Here, the record indicates dismissal of Plaintiff's case is warranted under *Poulis*. Regarding the first factor, the blame to comply with this Court's orders or move the case along rests squarely on Plaintiff.  *See* First Show Cause Order dated July 11, 2023 (Doc. 10) (issuing order after over two months of certain defendants failing to file an answer); Second Show Cause Order dated January 5, 2024 (Doc. 11) (same) (collectively, "Show Cause Orders"); *see also* Poulis, 747 F.2d at 868.  Factors three and four weigh in favor of dismissal as a review of the record makes clear Plaintiff's lack of any activity in her case for months, and, again, her failure to comply with this Court's orders, after having to be prompted twice to move the case along, suggests a history of dilatoriness, if not willfulness.[1]  *See* Show Cause Orders; *see* Poulis, 747

---

[1] Specifically, after the Court issued the First Show Cause Order, Plaintiff's counsel filed a Response (Doc. 8), conceding that his "oversights will not be repeated in the future" and how he will "promptly file an appropriate

F.2d at 868–69. Indeed, Defendants' inaction calls into question the severity of prejudice Defendants will suffer to prepare a defense. Nonetheless, the second *Poulis* factor weighs slightly in favor of dismissal as any defendant subjected to Plaintiff's repeated delays and inaction keeps the party in a state of limbo and erodes deference for judicial review and deadlines. Further, as to the fifth factor, the Court finds no other sanction other than dismissing Plaintiff's case with prejudice will be effective "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *See* Poulis, 747 F.2d at 869; *see also supra* n.1. For the sixth factor, the Court assumes without deciding the meritoriousness of Plaintiff's claims and Defendants' defense weigh against dismissal; however, "not every *Poulis* factor need be satisfied . . . and such decisions are given great deference," Sharifi v. Twp. of E. Windsor, 2023 WL 8595562, at *2 (3d Cir. Dec. 12, 2023) (citations omitted). For these reasons, dismissal is warranted under *Poulis*. The Court must underscore that having to hold Plaintiff's hand at every turn of *her* own case substantially burdens the Court's resources and management of its docket.[2]

---

motion should the Defendants fail to respond in a timely manner." Pl.'s Resp. to First Show Cause Order (Doc. 8) at ¶¶ 10 & 14. In blatant disregard of this, the Court issued the Second Show Cause Order, providing Plaintiff two days to respond, after granting Plaintiff nearly a one-month extension for Defendants to answer or otherwise plead and after hearing nothing from Plaintiff for over two months after the extension expired. *See id*; *see* Second Show Cause Order. Plaintiff's counsel then let that deadline lapse and failed to seek an extension – timely or otherwise – to respond. The Court subsequently dismissed the case seven days after Second Show Cause Order was entered and five days after the Court's deadline to respond to the Second Show Cause Order.

[2] The Court of Appeals for the Third Circuit discourages against such (in)action:

> We cannot even hope to quantify the extent to which cases such as the one before us clog our judicial system and interfere with the ability of diligent litigants to obtain prompt judicial resolution of their disputes. To overcome that interference, we must discipline ourselves not to engage in Monday-morning-quarterbacking which second-guesses conscientious district court judges. It is the district court judge who must strive to manage his or her calendar efficiently and, in so doing, may find it necessary to dismiss a litigant's complaint as a sanction for repeated failure to satisfy court orders.

Mindek v. Rigatti, 964 F.2d 1369, 1374 (3d Cir. 1992).

Thus, Plaintiff's case is **DISMISSED WITH PREJUDICE** and is marked closed.

**IT IS SO ORDERED**.

January 8, 2025                                    s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record