**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANET SLOAN,<br><br>Plaintiff,<br><br>v.<br><br>SLOAN CONSTRUCTION COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:23-cv-01771<br><br>Chief Judge Cathy Bissoon |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 34). For the following reasons, the Court will grant the Motion with respect to liability under Counts I, II, III, IV and V only and defer ruling on the issue of damages until after a trial.

#### A. Factual Background

Plaintiff has sued her father (Defendant Leon Sloan, Sr.), her sister (Defendant Sara Sloan) and their construction company (Defendant Sloan Construction Company) for allegedly failing to compensate her for approximately thirteen (13) days of work as a machine operator in spring of 2023. See Compl. (Doc. 1) at ¶¶ 2–4, 8–9, 13, 19, 32, 34. She alleges that she was hired on April 10, 2023, via an oral and written contract to perform work on a demolition project at Pine Richland High School at an agreed upon rate of $45.28 per hour.[1] See id. at ¶¶ 9–10. She states that she worked between 7:00 a.m. and 3:30 p.m. for "two (2) full weeks[, or] 80

[1] The Court notes that the Plaintiff reports her hourly rate inconsistently, apparently due to a typographical error. See Doc. 1 at ¶¶ 10, 53 (listing her hourly rate as $45.28); but see Doc. 1 at ¶ 92 (listing her hourly rate as $42.58).

hours, and three additional days" comprising "a minimum of 104 total hours [of] work."[2] Id. at ¶¶ 14, 17, 32. She also was required to arrive 30 minutes early each day to set up before 7:00 a.m. See id. at ¶¶ 18–19, 78. Plaintiff texted her sister on June 5, 8, 9 and 20, 2023, to ask about payment and was assured she would be paid soon. See id. at ¶¶ 22–30, 32–33. Plaintiff still has not been paid for any of the work she performed during this time. See id. at ¶ 34. Plaintiff also alleges that at some point, she complained to her father "regarding inadequate payment of wages, to which he directed Plaintiff not to return to the job site." Id. at ¶ 31.

Plaintiff brings claims for failure to pay minimum wage in violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") (Counts I and IV), retaliation under the FLSA (Count II), unpaid wages under the Pennsylvania Wage Payment and Collection Law ("WPCL") (Count III), breach of contract (Count V) and unjust enrichment (Count VI). See id. at 7–8, 10, 12, 14–15.

**B. Jurisdiction and Default**

This Court has federal question jurisdiction over Plaintiff's federal claims (Counts I and II) and supplemental jurisdiction over her state claims (Counts III, IV, V and VI). See 28 U.S.C. §§ 1331, 1367(a).

All Defendants were served on November 1, 2023, at Pennsylvania addresses, and this Court has personal jurisdiction over each of them. See Proof of Service (Doc. 4) at 1 (personally serving Leon Sloan, Sr. at 6950 Shannon Road, Verona, PA 15147); Proof of Service (Doc. 6) at 1 (personally serving Leon Sloan, Sr., who is designated to accept service on behalf of Sloan Construction Company, at the same address); Proof of Service (Doc. 5) at 1 (leaving the

---

[2] Although Plaintiff's reported daily schedule covers a span of 8-and-a-half hours, her 104-hour total reveals that she is seeking compensation for only eight of them.

summons with Sara Sloan's spouse, Lachelle Mays, at her "residence or usual place of abode" at 737 Midland Street, Pittsburgh, PA 15221); Doc. 1 at ¶¶ 7–33, 47–101 (asserting only claims arising from demolition of a Pennsylvania high school's gymnasium).

To date, no defendant has appeared, filed any response to the Complaint or otherwise participated in this case. Default was entered against all three defendants on November 24, 2025. See Clerk's Entry of Default (Doc. 31) at 1.

**C. Valid Cause of Action**

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (emphasis added) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983)). A court assessing a motion for default judgment must determine whether the uncontested facts support a valid cause of action, "since a party in default does not admit mere conclusions of law." See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008).

Taking the factual allegations in the Complaint as true, the Court finds Plaintiff has established a valid cause of action under all Counts except Count VI for unjust enrichment.

i. Violation of the FLSA, PMWA and WPCL and Breach of Contract Under Counts I, III, IV and V

First, there is no question that engaging Plaintiff to work on Sloan Construction Company's demolition project without ever compensating her for her work as promised falls below the minimum wage requirements of the FLSA and PMWA and constitutes breach of contract. See 29 U.S.C. §§ 206(a)–(a)(1)(C) ("Every employer shall pay to each of [their] employees who in any workweek is engaged [or employed in an enterprise engaged] in commerce or in the production of goods for commerce . . . wages . . . not less than . . . $7.25 an

hour . . . ."); 43 Pa. Stat. and Cons. Stat. §§ 333.104(a)–(a.1) (West 2026) ("Every employer shall pay to each of [their] employes wages for all hours worked at a rate of not less than: . . . [s]even dollars fifteen cents ($7.15) an hour . . . [; or] the minimum wage set forth in the [FLSA, if higher] . . . ."); Bill Goodwin Const., LLC v. Wondra Const., Inc., No. 3:13-cv-157, 2013 WL 4005307, at *4 (M.D. Pa. Aug. 5, 2013) (unreported) ("Under Pennsylvania law, parties asserting claims for breach of contract must allege the following three elements to adequately state a claim: '(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages.'" (quoting Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 502 (E.D. Pa. 2008))).

Moreover, Defendants' failure to pay Plaintiff her contractual wages at any point within the past three years violates the payment protocols of the WPCL. See 43 Pa. Stat. and Cons. Stat. § 260.3(a) (West 2026) ("Every employer shall pay all wages . . . due to [their] employes on regular paydays designated in advance by the employer[] . . . [and] within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period."). The WPCL "does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Burrell v. Staff, 60 F.4th 25, 49 (3d Cir. 2023) (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990)).

In addition, although Plaintiff provides no date of termination, the Court understands her to allege that she completed her two full work weeks (80 hours) within two calendar weeks, and that her extra thirty minutes of work each day constitute a total of five hours of overtime, requiring additional payment under the FLSA and PMWA. See 29 U.S.C. § 207(a)(1) ("[N]o

employer shall employ any of [their] employees who in any workweek is engaged [or employed in an enterprise engaged] in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for [their] employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which [they are] employed."); 43 Pa. Stat. and Cons. Stat. § 333.104(c) ("Employes shall be paid for overtime not less than one and one-half times the employe's regular rate . . . [when working] hours in excess of forty hours in a workweek."). Defendants' failure to compensate her at all for the five hours she worked in excess of forty during these two weeks violates the overtime provisions of these statutes.

The extra thirty minutes Plaintiff alleges she worked on each of her final three days does not constitute overtime, since her total hours did not rise above forty in one week. See 29 U.S.C. § 207(a)(1); 43 Pa. Stat. and Cons. Stat. § 333.104(c). However, Defendants' failure to compensate her at all for this time still violates the FLSA, PMWA and WPCL, as discussed above, and constitutes breach of contract. See 29 U.S.C. § 206(a)(1)(C); 43 Pa. Stat. and Cons. Stat. §§ 260.3(a), 333.104(a)–(a.1); Lugo v. Farmers Pride, Inc., 967 A.2d 963, 969 (Pa. Super. Ct. Jan. 15, 2009) (finding employees stated a valid breach of contract claim based on nonpayment for donning and doffing time because the employers agreed to pay them "for all hours worked," and the PMWA's implementing regulations defined "hours worked" to include "all time that the worker is required by the employer to be on the employer's premises"); 34 Pa. Code § 231.1 (2026) (including as "[h]ours worked" under the PMWA "time during which an employee is required by the employer to be on the premises of the employer").

ii. FLSA Retaliation Under Count II

Additionally, Plaintiff has alleged a valid claim for retaliation in violation of the FLSA. See 29 U.S.C. § 215(a), (a)(3) ("[I]t shall be unlawful for any person . . . to discharge . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under . . . this chapter, or has testified or is about to testify in any such proceeding . . . ."). Her allegation that she "complained to Leon Sloan regarding inadequate payment of wages, to which he directed Plaintiff not to return to the job site" establishes a *prima facie* case of retaliation. Doc. 1 at ¶ 31; see Cohen v. BH Media Group, Inc., 419 F. Supp. 3d 831, 850 (D.N.J. 2019) ("To establish a *prima facie* case of retaliation under the FLSA, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment decision; and (3) the adverse decision was causally related to the protected activity." (citing Conoshenti v. Pub. Serv. Electric & Gas Co., 364 F.3d 135, 146–47 (3d Cir. 2004))); Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011) (holding that oral complaints may constitute protected activity when they are "sufficiently clear and detailed for a reasonable employer to understand [them], in light of both content and context, as an assertion of rights protected by the statute and a call for their protection").

iii. Unjust Enrichment Under Count VI

Because Plaintiff alleges that a valid employment contract existed and was breached by nonpayment, she cannot also recover for unjust enrichment. See, e.g., Howard Concrete Pumping Co., Inc. v. Peak Innovations, Inc., No. 735 WDA 2017, 2018 WL 4057388, at *4 (Pa. Super. Ct. Aug. 27, 2018) (unreported) (referring to "breach of contract and unjust enrichment" as "mutually-exclusive theories"). Nor can she obtain equitable relief for unjust enrichment based on the same unpaid overtime due under the FLSA and PMWA. See Lugo, 967 A.2d at

970 ("[C]laims under the PMWA, the WPCL, and breach of contract may be pleaded alternatively with a claim of unjust enrichment, although recovery may not be had for both unjust enrichment and the other claims.").

As such, Plaintiff establishes a valid cause of action under Counts I, II, III, IV and V only.

**D. Default Judgment as to Liability**

Courts must next consider three factors when deciding whether to enter default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd, 47 F.4th 156, 160 n.8 (3d Cir. 2022) (listing factors); Fed. R. Civ. P. 55(b).

Here, all three factors weigh in favor of entering default judgment. First, Plaintiff would be prejudiced without default judgment because she will continue to face the harm caused by her unpaid wages and overtime, absent a remedy. See Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 233 (D.N.J. 2024) ("District courts in the Third Circuit routinely hold that prejudice is established under the first Chamberlain prong when the defendant, though served, does not appear—and because of this the plaintiff's remedy is delayed."). Next, as Defendants have made no appearance and submitted no filings in this case, the Court has no reason to believe on this record that they have a meritorious defense. Finally, after personal service on Leon Sloan, Sr. and delivery of the summons and Complaint to Sara Sloan's spouse, Defendants' failure to appear or file a single document in this case for the past three years appears to be the result of culpable conduct and a deliberate choice not to defend. See Doc. 4 at 1; Doc. 6 at 1; Doc. 5 at 1.

For these reasons, the Court will enter default judgment on liability as to the Counts identified above, Counts I, II, III, IV and V.[3]

**E. Damages**

Although Plaintiff is entitled to relief, the Court cannot award her the damages she requests based on the information and evidence she has provided. See Fed. R. Civ. P. 55(b)(2); Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (charging courts with "an obligation to assure that there is a legitimate basis for any damage award [they] enter[]").

First, Plaintiff asserts that she is owed a total of $4,709.12 in unpaid wages for the "at least one-hundred and four (104) hours" she worked at a rate of $45.28 per hour. See Mot. for Default J. (Doc. 34) at ¶¶ 16, 29.i. She supports her hours worked and rate of payment with her own affidavit and texts to Defendant Sara Sloan. See Aff. of Janet Sloan (Doc. 34-2) at ¶¶ 7, 11; Text Thread (Doc. 34-3) at 4 (displaying texts by Plaintiff claiming Defendants owed her payment for working two full weeks (eighty (80) total hours) and three days). Plaintiff is entitled to this amount under the WPCL, according to the terms of her contract. See 43 Pa. Stat. and Cons. Stat. § 260.9a(b) (permitting employees "to recover unpaid wages" in private civil actions).

---

[3] All three Defendants are jointly and severally liable under each count except for Count V (breach of contract), under which only Sloan Construction Company is liable. See 29 U.S.C. § 203(d) ("'Employer' [under the FLSA] includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."); 43 Pa. Stat. and Cons. Stat. § 333.103(g) ("'Employer' [under the PMWA] includes any individual, . . . or any person . . . acting, directly or indirectly, in the interest of an employer in relation to any employe."); 43 Pa. Stat. and Cons. Stat. § 260.2a ("'Employer[]' [under the WPCL] [i]ncludes every person, firm, partnership, association, corporation . . . and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth."). While Leon Sloan, Sr. and Sara Sloan may not be individually liable under Count V for common law breach of contract, they still are individually liable for failing to pay the contract's promised wage under the WPCL and Count III. See Burrell, 60 F.4th at 49 ("[The WPCL] provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." (quoting Weldon, 896 F.2d at 801)).

She also claims she is owed $441.48 in unpaid overtime at time-and-a-half for arriving 30 minutes early on all thirteen (13) days she worked, again supported by her affidavit. See Doc. 34 at ¶ 29.ii; Doc. 34-2 at ¶¶ 10, 12.ii; Br. in Supp. of Mot. for Default J. (Doc. 35) at 10–11. However, as discussed above, Plaintiff legally is not entitled to overtime payment for her final three days of work under either the FLSA or the PMWA, because her total hours that week did not rise above forty. See supra Part I.C.i. Consequently, Plaintiff is owed $339.60 in overtime payment for her first ten days only under both Acts. See 29 U.S.C. §§ 207(a)(1), 216(b); 43 Pa. Stat. and Cons. Stat. §§ 333.104(c), .113. The extra time Plaintiff worked during her last three days should be compensated instead at her regular contractual hourly rate under the WPCL, for an additional $67.92. See 43 Pa. Stat. and Cons. Stat. § 260.9a(b).

Plaintiff further requests an equal amount in liquidated damages under the FLSA. See Doc. 34 at ¶¶ 29.i–.ii; 29 U.S.C. § 216(b) ("Any employer who violates the [minimum wage or overtime] provisions . . . of this title shall be liable to the employee . . . in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages."). While she clearly is entitled to $339.60 in liquidated damages to equal her unpaid overtime, the FLSA does not entitle her to liquidated damages equaling her unpaid contractual wages, as the Act guarantees recovery equaling unpaid minimum wages only. See id. At most, Plaintiff can recover $764.88 in liquidated damages for the 105.5 total hours of straight time for which she was not paid minimum wage. See id. § 206(a)(1)(C) (guaranteeing a minimum wage of "$7.25 an hour").[4]

[4] As Plaintiff has not included liquidated damages under the WPCL in her calculations, the Court does not assess this issue. See 43 Pa. Stat. and Cons. Stat. § 260.10 (providing for liquidated damages under certain circumstances in "an amount equal to twenty-five (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater").

To this extent, Plaintiff has supported a total of $6,221.12 in damages for unpaid wages, overtime and statutory liquidated damages under the FLSA, PMWA and WPCL.

However, Plaintiff has not adequately supported her further claim that she is owed a total of $64,369.05 in back pay for her retaliatory termination and an equal amount in liquidated damages under the FLSA. See Doc. 34 at ¶ 29.iii; 29 U.S.C. § 216(b) ("Any employer who violates the [retaliation] provisions . . . of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [that] section . . . , including . . . the payment of wages lost and an additional equal amount as liquidated damages."). This claim is based on: 1) Plaintiff's speculation that "[h]ad [her] employment not been terminated, [she] would have worked more construction jobs as a Laborer with Sloan Construction at the prevailing rate of $45.28;" 2) her failure to find work until September 6, 2023; and 3) her lower rate of payment of $16.50 per hour at her new job, where she worked until an unspecified date in February 2024. Doc. 34-2 at ¶¶ 24–26; see Everett & Hurite Employment Records (Doc. 34-4) at 1, 4 (showing a letter of hire at Plaintiff's new job displaying a start date of September 6, 2023, and a pay stub displaying a rate of pay of $16.50). Her asserted back pay total thus is comprised of $34,412.80 in "unmitigated" damages (to compensate her for the time she was unemployed after her termination) and $29,956.25 in "mitigated" damages (to compensate her for her lower rate of pay at her new job). See Doc. 35 at 11, 13.

It is unclear from the record that Defendants ever agreed to steadily employ Plaintiff full-time, absent her termination, as her calculation of unmitigated damages assumes. Instead, they seem to have hired her to perform work on a specific, limited project without any guarantee of future employment. See Doc. 34-2 at ¶ 3 ("I began working for Sloan Construction Company on April 10, 2023, on a demolition project at Pine Richland High School."); Doc. 34-3 at 2

(displaying Sara Sloan's texts to Plaintiff that "[y]ou will be off for a couple of days[;] they are doing concrete and there will be nothing for you . . . to do until we go on the inside of the school," and "you should look for more work after this job[;] we won't have anything until we bid again"). Nor is it clear that she worked every consecutive workday during her employment with Defendants. See Doc. 1 at ¶¶ 9, 25, 28 (listing Plaintiff's start date as April 10, 2023, but dating Sara Sloan's text that Plaintiff would "be off for a couple of days" on June 9, 2023); Doc. 34-2 at ¶ 21 (claiming only thirteen days of work within that time). Plaintiff's request for over nine (9) months of full time, 5-days-a-week, 8-hours-a-day pay to compensate her for the "more construction jobs" she may have worked, absent termination, cannot be justified based on this record. Doc. 34-2 at ¶ 24.

Even if it could, Plaintiff does not specify her date of termination necessary to calculate unmitigated damages. She merely states in her chronology of events between June 9 and 20, 2023, that "[a]fter our conversation, Leon Sloan, Sr. terminated my employment." Id. at ¶ 20. Her counsel seems to presume that this termination occurred on April 26, 2023—her thirteenth workday after her start date on April 10, 2023—and calculates "approximately 19 weeks" of unmitigated damages before her next job began on September 6, 2023. See Doc. 35 at 11. However, this timeline is inconsistent with Plaintiff's above chronology, as well as with Sara Sloan's texts. See, e.g., Doc. 34-3 at 4 (displaying Sara Sloan's June 20, 2023, text to Plaintiff that "your father fired you"); Doc. 34-2 at ¶¶ 20–22. There is thus no evidentiary basis to support Plaintiff's claimed nineteen (19) full weeks of unmitigated damages.

Furthermore, in claiming mitigated damages based on her new rate of pay, Plaintiff requests a full week's worth of compensation for her first pay period ending September 10, 2023, even though she only started on September 6. See Doc. 35 at 12; Doc. 34-2 at ¶ 25. She thus

double counts the days prior to her start date that week, which are already accounted for in her unmitigated damages calculations. Moreover, she fails to allege a precise date of termination for her new job. Even assuming she worked every workday until February 25, 2024 (the end date of her final pay period), see Doc. 34-4 at 16, the difference in pay for all 123 workdays during this time (excluding weekends but including holidays) would come to $29,231.27—slightly below the $29,956.25 claimed in her attorney's brief.[5] See id. at 4–16; Doc. 35 at 13. These discrepancies preclude the award Plaintiff requests, on this record.

Because the written record contains insufficient proof of the damages Plaintiff requests, should she wish to pursue damages beyond those established in the current record, the Court will schedule a trial, at which time Plaintiff should be prepared to present evidence and/or testimony in support of these damages claims, consistent with the Court's observations herein. See Fed. R. Civ. P. 55(b)(2).

**F. Discovery**

Finally, the Court will deny Plaintiff's request to conduct discovery on the issue of compensatory, punitive and liquidated damages under the WPCL and FLSA. See Doc. 35 at 14–15. First, Plaintiff cites no law supporting the right to compensatory damages under the WCPL or liquidated damages under the FLSA, beyond that already provided for by statute and calculated above. See id. Nor does Plaintiff identify any discoverable information not already within her own control that would be necessary to calculate these damages. Defendants have posed no "good faith" defense to liquidated damages requiring additional information for Plaintiff to overcome. Sec'y U.S. Dep't of Lab. v. Am. Future Sys., Inc., 873 F.3d 420, 433 (3d

---

[5] 123 full 8-hour days at Plaintiff's alleged rate of payment with Defendants ($45.28) yields $44,555.52, which is $29,231.27 higher than the $15,324.25 total that Plaintiff actually earned during this time. See Doc. 34-4 at 4–16.

Cir. 2017) ("To avoid mandatory liability for liquidated damages [under the FLSA], an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act.").

While lower courts within the Third Circuit have permitted recovery of punitive damages for retaliation under the FLSA, based on establishment at an evidentiary hearing under Fed. R. Civ. P. 55(b)(2) of the employer's "malice or . . . reckless indifference," Oliver v. Wheels Am. Pa., LLC, No. 23-3487, 2025 WL 3641836, at *4 (E.D. Pa. Dec. 16, 2025) (slip copy) (quoting 42 U.S.C. § 1981a(b)(1)), the Court does not find discovery on this issue warranted in this case. See Fed. R. Civ. P. 26(b)(1) (limiting discovery to matter "proportional to the needs of the case, considering . . . the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

## II. ORDER

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's MOTION for Default Judgment (Doc. 34) as to liability only. Default Judgment hereby is entered in favor of Plaintiff and against Defendants as to liability under Counts I, II, III, IV and V only. Plaintiff must notify the Court on or before October 27, 2026, as to: (1) whether she intends to pursue damages beyond those established by the current record; and (2) whether she demands a jury trial. Furthermore, in light of the Notice of Appearance filed at Doc. 41, the stay imposed on September 1, 2026, hereby is lifted and the case reopened.

IT IS SO ORDERED.

October 20, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record